UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELMER ERNESTO MEJIA RODRIGUEZ,<br>Petitioner,<br>v.<br>JULIO HERNANDEZ et al.,<br>Respondents. | CASE NO. 2:26-cv-03221-DGE<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) |

The Court hereby GRANTS Petitioner Elmer Ernesto Mejia Rodriguez's petition for writ of habeas corpus. (Dkt. No. 1.)

Petitioner, a native and citizen of Guatemala, entered the United States without inspection in 2020 and was granted voluntary return. (Dkt. No. 6 at 2.) It appears Petitioner thereafter reentered the United States the same year and moved to the Seattle area, where he secured housing and began working in construction and auto repair. (Dkt. No. 1 at 6.) Petitioner has no criminal history. (Dkt. No. 7-1 at 4.) On June 29, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") agents while driving to work. (Dkt. Nos. 2 at 2; 7-1 at 3.)

Petitioner was served with a Notice to Appear ("NTA"), asserting Petitioner was inadmissible pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). (Dkt. No. 7-3.) Petitioner was transported to the Northwest ICE Processing Center in Tacoma, where he remains. (Dkt. No. 2 at 2.)

On August 31, 2026, Petitioner appeared and participated in a bond hearing with his attorney, Peyton Jacobsen, before Immigration Judge ("IJ") John Odell. Petitioner provided IJ Odell with documents in support of his bond request, including letters of support from his sponsor and members of his community, financial information, and his asylum application. (Dkt. No. 2 at 10–80.) There is no recording or transcript of the bond hearing. (*Id.* at 3.) Jacobsen states IJ Odell questioned Petitioner concerning his encounter with ICE; Form I-213 alleges Petitioner was uncooperative and sought to flee when he was detained by ICE. (*Id*. at 4; Dkt. No. 7-1 at 3.) At the hearing, Petitioner contested the description of the circumstances surrounding his detention. (Dkt. No. 2 at 4.) Petitioner specifically challenged the claim that he was intentionally uncooperative by explaining that he was initially unaware he was being stopped by law enforcement "and was afraid he would be robbed or killed by the armed men who pulled him over[.]" (*Id.* at 4.) Petitioner stated he had been cooperative during police traffic stops before, but that the encounter with ICE "was incredibly different." (*Id.*) IJ Odell also noted Petitioner had used a false social security number to maintain employment and "scolded" Petitioner for lying to his employers, stating that if Petitioner "felt comfortable lying about his social security number, he would also lie to the immigration court." [1] (*Id.*) At the end

[1] Jacobsen asserts she responded by drawing the IJ's attention to recent case law from this district "highlighting the tension between the positive equities of maintaining stable employment with any potential negative equity of using a false social security number[.]" (Dkt. No. 2 at 5); *see e.g. Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1080 (W.D. Wash. 2026) ("[T]he IJ

of the hearing, IJ Odell found Petitioner failed to establish he was not flight risk based on Petitioner's use of a false social security number. (*Id.* at 5.) IJ Odell "did not articulate any other reasons for denying the bond request[.]" (*Id.*) On August 31, 2026, IJ Odell issued a written, check-box order denying bond because Petitioner "failed to show he was not a Flight Risk." (Dkt. No. 7-4 at 2.)

On September 9, 2026, Petitioner filed a petition for writ of habeas corpus in this Court. (Dkt. No. 1.) Petitioner argues IJ Odell abused his discretion in finding him a flight risk. (*Id.* at 12–17.) Respondents do not challenge Petitioner's counsel's description of the bond hearing or counsel's description of IJ Odell's ruling; there is no argument that IJ Odell did not abuse his discretion or that he properly applied the relevant factors in evaluating Petitioner's bond request. (*See* Dkt. No. 5 at 6–7.[2]) Instead, Respondents argue the petition should be denied because Petitioner has not exhausted administrative remedies. (*Id.* at 3–6.) They also note that "Petitioner has not filed an appeal of the bond decision before the BIA and therefore, there is no written bond decision available on the record" (*Id.* at 6).

For the reasons identified in its prior cases, the Court finds it has jurisdiction to review the present petition and waives any prudential exhaustion requirement. *See Barragan Jimenez v. Hernandez et al.*, Case No. 2:26-cv-02992-DGE, 2026 WL 2859168 at *2 (W.D. Wash. Sept. 23, 2026) (collecting cases). The Court also finds the bond hearing was constitutionally deficient. Respondents offer no evidence or argument challenging Petitioner's description of the bond

---

provided no explanation as to why unlawful employment facilitated by the use of false Social Security numbers automatically weighs in favor of finding flight risk.") The IJ responded he would "make a decision without regard to federal case law[.]" (Dkt. No. 2 at 5.)

[2] Deportation Officer Christopher Hubbard describe a description of the August 31, 2026 bond hearing. (Dkt. No. 6 at 3.) However, Hubbard does not identify he was at the hearing nor does he identify how he obtained personal knowledge of what occurred at the hearing. (*Id.*) The Court affords no weight to Hubbard's description of the bond hearing.

hearing. IJ Odell failed to consider the evidence presented and did not apply the relevant factors to the evidence in considering Petitioner's bond request. *See In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006) (identifying the relevant factors an IJ is to consider in making bond determinations). IJ Odell also failed to articulate why the prior use of a false social security number for employment outweighs all the other *Guerra* factors; particularly where, as Petitioner's counsel pointed out to IJ Odell during the bond hearing, reliance on the improper use of a social security number to support flight risk is in tension with BIA case law. *See Soriano*, 830 F. Supp. 3d at 1081 (citing *R-A-V-P*, 27 I. & N. Dec. 803, 805 (B.I.A. 2020)).

In summary, and as found in several other habeas cases brought before this Court, IJ Odell abused his discretion by failing to apply the *Guerra* factors to the evidence presented at the bond hearing. *See Barragan Jimenez*, 2026 WL 2859168 at *2 (collecting cases).

**ORDER**

Based on the foregoing, the Court GRANTS Petitioner's petition for writ of habeas corpus (Dkt. No. 1), and further ORDERS:

1. Respondents and all their officers, agents, attorneys, and persons acting on their behalf or in concert with them SHALL release Petitioner from custody within **ONE (1) DAY** of this Order subject to reasonable conditions of supervision.
2. Petitioner SHALL NOT be re-detained, absent urgent circumstances or a clear legal basis for detention, without first providing pre-deprivation notice and an opportunity to be heard in front of an immigration judge.
3. Within TWENTY-FOUR (24) HOURS of this Order, Respondents SHALL provide the Court with a declaration confirming Petitioner has been released from custody.

4. Petitioner seeks an award of fees. (Dkt. No. 1 at 18.) Petitioner is GRANTED leave to file a motion for attorney fees. The motion for fees shall identify the legal authority supporting an award of fees and shall be filed no later than **January 5, 2027.**[3]

Dated this 5th day of October, 2026.

David G. Estudillo
United States District Judge

[3] In a previous matter, Respondents have requested, and the Court granted, a motion to stay the enforcement of any award of attorney fees pending the Supreme Court's decision in Palacios v. Liggins, No. 25-1223. *See Douangdala v. Bondi*, Case No. 2:26-cv-00963-DGE, 2026 WL 2516555 (W.D. Wash. Aug. 26, 2026).